# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 14, 2024

| | |
|---|---|
| * * * * * * * * * * * * <br> ELIZABETH ALLEN-SCOTT, * <br> *Parent and next friend of V.S., a minor* * <br> * <br> Petitioner, * <br> * <br> v. * <br> * <br> SECRETARY OF HEALTH * <br> AND HUMAN SERVICES, * <br> * <br> Respondent. * <br> * * * * * * * * * * * * | No. 19-1517v <br><br> Special Master Gowen |

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for petitioner.
*Sarah Rifkin*, U.S. Department of Justice, Washington, DC for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On July 3, 2024, petitioner filed a Motion for Interim Attorneys' Fees and Costs. Petitioner's ("Pet'r") Interim Fees Motion ("Int. Mot.") (ECF No. 84). For the reasons below, I hereby **GRANT** petitioner's motion and award **$119,803.43** in interim attorneys' fees and costs.

### I.     Procedural History

On October 1, 2019, petitioner, on behalf of her daughter, V.S., filed a petition for compensation in the National Vaccine Injury Compensation Program. *See* Petition (ECF No. 1). Petitioner alleges that V.S. suffered seizures and developmental delay as a result of the vaccinations she received on October 3, 2016. *Id.* at ¶ 6. Petitioner filed supporting medical records, and the case was reassigned to my docket on January 6, 2020. Pet'r Ex 1-12 (ECF Nos. 6, 9, 11). Petitioner filed an expert report from Dr. Kinsbourne on October 23, 2020. Pet'r Ex. 15

---

[1] In accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012), because this opinion contains a reasoned explanation for the action in this case, **this opinion will be posted** https://www.govinfo.gov/app/collection/uscourts/national/cofc.  This means the opinion will be available to anyone with access to the internet.  As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information.  Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  **If neither party files a motion for redaction within 14 days, the entire opinion will be posted on the website and available to the public in its current form.**  *Id.*

(ECF No. 27). Respondent filed an expert report from Dr. Shinnar on May 17, 2021 and one from Dr. Holmes on September 19, 2022. Resp't Ex. A (ECF No. 33-1); Resp't Ex. C (ECF No. 60-1). Respondent filed his Rule 4(c) report on May 27, 2021, arguing that petitioner's claim for compensation should be denied. R. 4(c) Rept. (ECF No. 35). An entitlement hearing was set for and held on February 15 and 16, 2023, and both parties filed post hearing briefs.

Petitioner filed the instant Motion for Interim Attorneys' Fees and Costs on July 3, 2024, seeking $119,803.43 in attorneys' fees and costs. Int. Mot. Petitioner filed a supporting declaration, invoice of time records, and invoices of costs. Tabs A-H (ECF No. 84). Respondent filed a response to petitioner's motion, nothing that "respondent defers to the Special Master to determine whether or not petitioner has met the legal standard for an interim fees and costs award…and the statutory requirements for an award of attorney's [sic] fees and costs under 42 U.S.C. § 300aa015€(1)(A)-(B)." Response to Int. Mot. at 2 (ECF No. 85). Moreover, respondent requested "that the special master exercise his discretion and determine a reasonable award for interim attorneys' fees and costs." *Id.* at 4.

The matter is now ripe for adjudication.

**II.     Entitlement to Attorneys' Fees and Costs**

    **a.  Legal Standard**

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

Petitioners act in "good faith" if they filed their claims with an honest belief that a vaccine injury occurred. *Turner v. Sec'y of Health & Human Servs.,* No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). In this case, respondent does not contest that this petition was filed in good faith.

To receive an award of fees and costs, a petitioner must also demonstrate the claim was brought with a reasonable basis through objective evidence supporting "the *claim* for which the petition was brought." *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632 (Fed. Cir. 2017); *see also Chuisano v. Sec'y of Health & Human Servs.,* 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.,* 101 Fed Cl. 297, 303 (2011)). The objective reasonable basis inquiry turns on the "feasibility of the claim" at hand, rather than the likelihood of its success. *Id.* at *6. The evidentiary standard to satisfy a reasonable basis inquiry is "more than a mere scintilla but less than a preponderance of proof." *Cottingham v. Sec'y of*

2

*Health and Human Servs.*, 971 F.3d 1337, 1345-45 (Fed. Cir. 2020 Petitioner filed accompanying medical records to support his petition in addition to four reports from two experts supporting the allegation of vaccine causation. As such, I find that there is reasonable basis to award petitioner reasonable interim attorneys' fees and costs.

### b. Interim Awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000.00. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits. Given that this case has been pending since 2019 and the amount of fees requested, I find an interim fees award appropriate.

## III.   Reasonable Attorneys' Fees and Costs

### a. Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required.

*Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hour that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

   b.  **Hourly Rate**

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2018-2023 can be accessed online.

Petitioner requests a total of $85,258.70 in attorneys' fees for the work done by attorneys Richard Gage and Kristen Blume as well as for paralegal work performed by various paralegals. For Mr. Gage, petitioner requests $318 for work performed in 2019 and 2020; $318 per hour for work performed in 2019 and 2020; $362 per hour for work performed in 2021; $393 per hour for work performed in 2022; $422 per hour for work performed in 2023; and $441 per hour for work performed in 2024. For Ms. Blume, petitioner requests $338 per hour for work performed in 2019; $355 per hour for work performed in 2021; $386 per hour for work performed in 2022; and $422 per hour for work performed in 2023. Petitioner also requests the following paralegal rates: $120 per hour for work performed in 2019 and 2020; $130 per hour for work performed in 2021; $141 per hour for work performed in 2022; $152 per hour for work performed in 2023; and $159 per hour for work performed by paralegals in 2024.

The hourly rates for Mr. Gage and Ms. Blume are consistent with the forum hourly rate fee schedule given their experience as well as what has previously been awarded for their work in the Vaccine Program. The requested paralegal rates are likewise consistent with the hourly rate fee schedule for each respective year. Therefore, I find the requested rates to be reasonable for the work performed in the instant case.

   c.  **Hours Expended**

A line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."

*Saxton*, 3 F.3d at 1521.

After review of the submitted billing statemen, I find that the overall hours spent on this matter are reasonable. The entries are reasonable and accurately describe the work performed and the length of time it took to perform each task. *See generally* Int. Mot. Tab B. Respondent has also not identified any particular entries as objectionable. Therefore, petitioner is entitled to $85,258.70 in attorneys' fees. *See* Resp't Resp. to Int. Mot.

### d. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioner requests a total of $34,544.73 in costs, including expert fees, acquisition of medical records, shipping, postage, and photocopies. *Id.* $30,000 of the requested costs are associated with petitioner's expert in this case. $2,934.00 of the requested costs are for copies, and $1,610.73 are associated with other expenses such as obtaining medical records and postage. Int. Mot. Tab A.

Petitioner's expert, Dr. Kinsbourne authored one expert report and testified at the hearing in this case. Dr. Kinsbourne billed a total of 40 hours for research and drafting the report in this case, 10 hours of trial prep, and 10 hours for working with attorney and trial testimony, all billed at a rate of $500 per hour. These rates are consistent with prior awards for work performed by Dr. Kinsbourne and thus are reasonable.

Dr. Kinsbourne's report was well written and this, in addition to his testimony at the hearing will be useful for determining the issues in the case. Given the complex nature of this case, the amount of expert fees is reasonable. Additionally, the other costs incurred by petitioner's counsel are typical costs in the Vaccine Program. Therefore, petitioner is entitled to recover the full amount of her requested costs in the amount of $4,544.73.

## IV.    Conclusion

In accordance with the above, petitioner's motion for interim attorneys' fees and costs is hereby **GRANTED. Accordingly, I award the following:**

1) **A lump sum of $119,803.43 for interim attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Richard Gage.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance herewith.[2]

   **IT IS SO ORDERED.**

---

[2] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

5

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master
